IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBERT R. MEADES, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No. 07-223-GMS |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| JOSEPH R. BIDEN, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents.[1] ) | |

Robert R. Meades. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**[2]

_Sept 24_, 2008
Wilmington, Delaware

---

[1] Warden Perry Phelps assumed office in January, 2008, replacing former warden Thomas Carroll, an original party to this case. *See* Fed. R. Civ. P. 25(d)(1).

[2] The case was re-assigned to this judge from the Vacant Judgeship on February 1, 2008.


Sleet, Chief Judge

## I. INTRODUCTION

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Robert R. Meades ("Meades"). (D.I. 1.) For the reasons discussed, the court will deny the petition as second or successive, or alternatively, as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 1982, a Delaware Superior Court jury convicted Meades on three counts of first degree robbery stemming from a bank robbery. The Superior Court sentenced Meades on November 8, 1982 to a total of 32 years imprisonment. Meades appealed, and the Delaware Supreme Court affirmed his convictions and sentences on May 31, 19833. *Meades v. State*, 467 A.2d 454 (Del. 1983).

In a separate criminal action in 1984, Meades was charged with first degree murder, first degree conspiracy, and possession of a deadly weapon during the commission of a felony. Meades eventually pled guilty to promoting prison contraband, and the Superior Court sentenced him to an additional 10 years of incarceration. (D.I. 11.)

On July 31, 1987, Meades filed a motion for reduction of sentence under Delaware Superior Court Criminal Rule 35. The Superior Court denied the motion, Meades appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on April 22, 1988. *See Meades v. State*, 1988 WL 44790 (Del. Apr. 22, 1988).

Meades filed a petition for federal habeas corpus in 1988, which was denied on April 5, 1989. *See Meades v. Young*, Civ. A. No. 88-233-JLL, R&R dated Mar. 14, 1989, Order dated

Apr. 145, 1989). Meades filed two subsequent federal habeas petitions: one in 1991, which was dismissed without prejudice, and another petition in 2000, which was also dismissed. *See Meades v. Ellingsworth*, Civ. A. No. 91-687-LON; *Meades v. Lichtenstadter*, Civ. A. No. 00-92-RRM.

On January 22, 1999, Meades filed in the Delaware Superior Court a second motion for reduction of sentence, which the Superior Court denied on March 15, 1999. Meades filed his third motion for reduction of sentence on January 30, 2002, the Superior Court denied that motion, and the Delaware Supreme Court affirmed the Superior Court's judgment on May 2, 2002. Meades filed a fourth motion to reduce his sentence on September 17, 2004, which the Superior Court denied on February 25, 2 005. (D.I. 11.)

On July 5, 2005 Meades filed a petition for writ of mandamus, which the Superior Court denied on May 8, 2006. The Delaware Supreme Court affirmed that judgment on August 23, 2006. *Id.*

## III. DISCUSSION

Meades filed the instant federal habeas petition in 2007. Although the petition consists of four claims, all of those claims essentially assert that the Delaware Department of Correction has failed to credit him good-time credits owed to him for participation in rehabilitative programs. (D.I. 1.) The State filed an answer, providing four possible reasons for denying the petition: the claim is not cognizable on federal habeas review, the claim does not warrant relief under § 2554(d)(1), the petition is time-barred, or the petition is second or successive. (D.I. 11.)

Determining whether a habeas petition constitutes a second or successive petition under

2

AEDPA is a threshold jurisdictional question,[3] whereas AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule. *See Miller v. N.J. Dept. Corrs.*, 145 F.3d 616 (3d Cir. 1998). Therefore, for the reasons set forth below, the court will deny Meades' habeas petition as second or successive, and alternatively, as time-barred.

### A. Second Or Successive Petition

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas petition in a federal district court. If a petitioner erroneously files a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Generally, a habeas petition is classified as second or successive if a prior petition has been decided on the merits, the subsequent petition asserts a claim that could have been raised in the prior habeas petition, and the prior and subsequent petitions challenge the same conviction. *See In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003); *cf. Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"); 28 U.S.C. § 2244(a). Additionally, in *Benchoff v. Colleran*, the Third Circuit Court of Appeals held that a subsequent petition which challenges the administration of a sentence, as opposed to the petitioner's conviction, will still constitute a second or successive petition if the petitioner "knew of all the facts necessary to raise" the sentence administration

---

[3]*See Benchoff v. Colleran*, 404 F.3d 812, 815-18 (3d Cir. 2005).

claim prior to the filing of the initial petition. 404 F.3d 812, 817-18 (3d Cir. 2005).

The record reveals that Meades filed a prior federal habeas petition in 1988, asserting that: (1) the identification procedures used by police were impermissibly suggestive and unreliable; (2) the double jeopardy clause barred his conviction for three separate robberies because he took money from only one bank; and (3) the prosecutorial decision to charge him with three counts of first degree robbery was motivated by his race. (D.I. 13, R&R in *Meades v. Young*, Civ. A. No. 88-233-JLL, attached to the State's Motion to Affirm in *Meades v. State*, No.108,2002). In a Report and Recommendation, Magistrate Judge Sue L. Robinson recommended that the petition be dismissed in its entirety as meritless. *Id.* The Honorable James L. Latchum adopted the Report and Recommendation, and denied the petition on April 5, 1989. *Id.*

The petition in this case presents one ground for relief, namely, that the Department of Correction has failed to credit Meades with all good-time credits owed to him for participation in rehabilitative programs. This claim does not challenge the legality of Meades' underlying conviction or sentence, but rather, it challenges the administration of his sentence. Therefore, to the extent the claim is cognizable on federal habeas review, the court must determine whether the petition constitutes a second or successive petition under the doctrine articulated in *Benchoff*.

Meades concedes that he was aware of the good-time credit issue as early as 1986. (D.I. 1, at p. 9.) Hence, the court concludes that the instant petition constitutes a second or successive petition within the meaning of 28 U.S.C. § 2244 because the factual predicate for the good-time credit claim could have been asserted in Meades' 1988 habeas petition. *See e.g. O'Neal v. Levi*, - F. Supp. 2d -, 2008 WL 687264 (E.D. Pa. Mar. 10, 2008).

The record is clear that Meades has not obtained leave from the Court of Appeals for the Third Circuit to file his new petition. Accordingly, the court will dismiss the petition pursuant to 28 U.S.C. § 2244(b)(3) for lack of jurisdiction.

### B. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitation for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Meades' petition, dated April 19, 2007, is subject to the one-year limitation period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Pursuant to § 2244(d)(1)(A),[4] Meades'

---

[4] The only other possible starting date for the one-year period in this case could be calculated under §2244(d)(1)(D). Meades concedes that he was aware of the good-time credit issue back in 1986. Therefore, 1986 would be date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. Nevertheless, the court adopts the later date, 1997, as the starting date of the limitation period.

judgment of conviction became final in 1983, well before AEDPA's effective date of April 24, 1996. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Therefore, Meades had until April 23, 1997 to file his federal habeas petition.[5] *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

Meades did not file his habeas petition until April 19, 2007,[6] almost ten full years after AEDPA's statute of limitation expired. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### 1. **Statutory Tolling**

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll AEDPA's one-year

---

[5]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, Meades filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

[6]A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The court adopts the date on the petition, April 19, 2007, as the filing date, because presumably, Meades could not have presented the petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

limitation period during the time the collateral proceeding is pending in state court, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of AEDPA's one-year period. *See* 28 U.S.C. § 2244(d)(2); *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitation period if it was filed and pending before the expiration of the AEDPA's limitation period). Here, none of Meades' post-conviction motions have any statutory tolling effect because they were filed after the expiration of AEDPA's limitation period.

### 2. Equitable Tolling

AEDPA's limitation period may also be equitably tolled, but "only when the principle of equity would make the rigid application of a limitation period unfair." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. N.J. Dept. Corrs.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitation period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve

Case 1:07-cv-00223-GMS   Document 14   Filed 09/25/08   Page 9 of 11 PageID #: 121

habeas claim).

In this case, Meades does not allege that any "extraordinary circumstance" prevented him from timely filing the instant petition. Moreover, to the extent Meades' untimely filing was due to a mistake or computational error, that mistake fails to constitute an "extraordinary circumstance" for equitable tolling purposes. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"). And finally, the record reveals Meades did not exercise the due diligence required for equitable tolling; by his own admission, he was aware of the good-time credit issue as early as 1986, yet did not file a habeas petition by April 23, 1997. Accordingly, if, for some reason, the instant petition is not second or successive, the court will alternatively dismiss the petition as time-barred.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

8

constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court concludes that Meades' petition for habeas relief pursuant to 28 U.S.C. § 2254 is second or successive and time-barred. Reasonable jurists would not find these conclusions to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Meades' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBERT R. MEADES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 07-223-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Robert R. Meades' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DISMISSED**, and the relief requested therein is **DENIED**. (D.I. 1.)

2. The court declines to issue a certificate of appealability because Meades has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Sept 24, 2008

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

SEP 2 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE